UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

TARA HOLMES, on behalf of herself and all
others similarly situated,

                      Plaintiff                    **CLASS ACTION COMPLAINT**

             -against-                    Case No. 1:19-CV-1022 (FJS/CFH)

MEDICAL DATA SYSTEMS, INC. d/b/a
MEDICAL REVENUE SERVICE,

                      Defendant

-------------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. The Plaintiff TARA HOLMES ("Plaintiff") brings this lawsuit based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendant. These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Based upon the Defendant's violations of the FDCPA, as set forth and alleged herein, the Plaintiff, and the class she seeks to represent, are entitled to statutory damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.

## PARTIES

3. The Plaintiff is a natural person.

4. At all times relevant to this Complaint, the Plaintiff was a citizen of, and otherwise resided in, Albany County, New York.

5. The Defendant Medical Data Systems, Inc. d/b/a Medical Revenue Service ("MDS"), is a corporate debt collection entity and maintains a principle place of business located at 2001 9th Avenue, Suite 312, Vero Beach, Florida.

6. The Defendant MDS is registered as a Foreign Business Corporation with the New York Secretary of State for the purpose of conducting debt collection activity within the State of New York.

7. The Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

8. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)

## JURISDICTION & VENUE

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district.

## FACTS CONCERNING THE PLAINTIFF

11. The Plaintiff is alleged by the Defendant to be indebted to Albany Medical Center Hospital for a medical debt which was incurred for personal purposes.

12. The monetary obligation alleged to be owed by the Plaintiff is a "debt" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(5).

13. The Plaintiff is a "consumer" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(3).

14. At a time unknown to the Plaintiff, the alleged debt went into default and was referred to the Defendant MDS for collection purposes.

15. In the attempt to collect the alleged debt from the Plaintiff, the Defendant sent a collection letter dated 08/02/2019 to the Plaintiff. A copy of said letter is attached hereto as Exhibit "1" and incorporated by reference herein.

16. The letter is a standard form computer generated letter which was drafted by persons whose identity(ies) are presently unknown by the Plaintiff and otherwise utilized by the Defendant in its normal course of business.

17. Pursuant to 15 U.S.C. § 1692g, the FDCPA requires debt collectors to set forth certain 30 day debt dispute/verification rights in an initial collection letter sent to a consumer.

18. Pursuant to 15 U.S.C. § 1692g(a)(3), and as part of the 30 day debt dispute/verification rights, a debt collector must include a statement advising that, unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed or be valid by the debt collector.

19. As confirmed by Section 1692g(a)(3), the consumer is not required to dispute the debt in writing and may dispute a debt orally via a telephone call to the debt collector.

20. In contrast to the mandate of Section 1692g(a)(3), the collection letter, sent by the Defendant, sets forth as follows:

> "Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt to be valid."

21. The directive to consumers to dispute a debt in writing constitutes a violation of the FDCPA.

## CLASS ALLEGATIONS

22. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

23. This claim is brought on behalf of a class consisting of:

    a. all persons, with addresses in the State of New York, who, within a time period commencing from one year prior to the date of the filing of the Complaint received a collection communication from the Defendant MDS which is identical in content and form to the computer generated collection communications sent to the Plaintiff (Exhibit "1" hereto).

24. The identities of all class members are readily ascertainable from records maintained by the Defendant MDS.

25. Excluded from the class defined heretofore herein are the Defendant MDS and all officers, members, partners, managers, directors, and employees of the Defendant MDS and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

26. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.

27. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

28. The Plaintiff will fairly and adequately protect the interests of the class defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorney has any interests, which might cause them not to vigorously pursue this action.

29. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the class defined above is so numerous that joinder of all members of the class would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant MDS utilized false, deceptive and misleading debt collection means in the attempts to collect alleged personal debts.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent members of the class. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer

lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

(f) Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member of the class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. The Defendant violated the FDCPA. The Defendant's violations include, but are not limited to, the following:

The Defendant violated 15 U.S.C. §1692g(a)(3) by stating in its collection letter that a consumer's dispute of a debt must be in writing;

The Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading debt collection means during attempts to collect alleged consumer debts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff and the class as set forth below:

(i) The maximum statutory damages for herself and the class as are allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(ii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iii) For such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff demands that this case be tried before a Jury.

DATED: New York, New York
August 19, 2019

ROBERT L. ARLEO, ESQ. P.C.

By: */s/ Robert L. Arleo*
ROBERT L. ARLEO
380 Lexington Avenue
17th Floor
New York, New York 10168
PHONE (212) 551-1115
FAX: (518) 751-1801
Email: robertarleo@gmail.com
Attorney for the Plaintiff